# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**v.**

**MIGUEL CARACHURE-GUZMAN,**

**Defendant.**

**CRIMINAL ACTION NO. 1:18-CR-79-SCJ-JKL-1**

## ORDER

This matter appears before the Court for consideration of an April 23, 2019, Report and Recommendation ("R&R") (Doc. No. [79]) in which The Honorable John K. Larkins, III, United States Magistrate Judge, recommended that the Court deny Defendant Miguel Carachure-Guzman's ("Defendant") Motion to Suppress (Doc. Nos. [44]; [51])[1]. Defendant has filed objections to the R&R (Doc. No. [87]), and this matter is now ripe for review.

The Court incorporates by reference the facts and legal standards set forth in the R&R. See Doc. No. [79]. In reviewing the R&R, the Court must "make a de novo determination of those portions of the report or specified

---

[1] On August 12, 2018, Defendant amended his Motion to Suppress. Doc. No. [51].

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In this action, Defendant objects to the R&R on four different grounds. See Doc. No. [87]. For the reasons discussed below, all of Defendant's objections are **OVERRULED** and Defendant's Motion to Suppress is **DENIED.**

Defendant's first objection is "that the initial encounter between the agents and the defendants was impermissible and unsupported by probable cause" in contravention of the finding in the R&R. Doc. No. [87], p. 1. He further argues that this impermissible encounter tainted the subsequent procedures "rendering his later supposed . . . consent improper and unconstitutional." Id. at p. 1. These arguments stem from the Fourth Amendment right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The inquiries into probable cause and voluntary consent both require the Court to consider the totality of the circumstances surrounding the arrest and the consent, respectively, in reaching a decision. See Illinois v. Gates, 462 U.S. 213, 238 (1983) (reaffirming the totality-of-the-circumstances analysis for probable cause); United States v. Ramirez-Chilel, 289 F.3d 744, 752 (11th Cir. 2002) (quoting United States v. Robinson,

2

625 F.2d 1211, 1218 (5th Cir. 1980)). The Court rejects Defendant's objections and finds that both probable cause and voluntary consent existed in this case.

Defendant misconstrues the facts and circumstances in this case in denying that the officers here had probable cause to make a warrantless arrest. "'[P]robable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). This is a "practical, nontechnical conception" dealing with "'factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Gates, 462 U.S. at 231 (quoting Brinegar v. United States, 338 U.S. 160, 176 (1949)). The Supreme Court in Gates re-established that the totality-of-the-circumstances analysis should inform probable cause determinations. Id. at 238. Considering the totality of the factual and practical circumstances informing the officers' decision here, the Court concludes probable cause existed justifying a warrantless arrest.

Defendant's presentation of the facts solely focuses on Defendant's final departure on foot from the Residence and does not represent the collective circumstances leading to the incident in question here. In United States v.

3

Blascoe, the Eleventh Circuit found probable cause existed supporting the agents' determinations that a marijuana off-loading operation was occurring by considering the agents' knowledge of the modus operandi of drug smuggling and the facts leading up to the arrest. 702 F.2d 1315, 1325 (11th Cir. 1983). Such facts included: (1) two independent tips regarding the suspected criminal activity; (2) the general area's seclusion; (3) a fishing boat with several men heading to open sea in poor weather; (4) a confrontation with a suspected lookout who became upset at encountering the agents; (5) agents' observations of the boats' approach to the area and thudding that sounded like bales of marijuana being unloaded. Id. The Eleventh Circuit held that "these collective facts would lead a reasonably cautious person to believe that a crime had been or was being committed." Id.

Judge Larkins correctly found the officers here had probable cause to make a warrantless arrest considering the totality of the circumstances collectively instigating this incident. Doc. No. [79], p. 14. First, federal agents purchased heroin from Defendant and thereafter arranged a money pickup. Id. at p. 2. When Defendant failed to bring the proper amount, he returned to the Residence, with officers surveilling him. Id. at p. 2-3. The agents then learned Defendant had rescheduled the pickup and observed Defendant leaving the

Residence in the car he had driven earlier. Id. at p. 3. Agents again followed him to two different locations where they suspected Defendant made two more pickups before returning to the Residence. Id. Later, the car left the Residence once again, but a different individual was driving the car. Id. at p. 4. Agents observed the driver on the phone as they pulled him over. Id. During the stop, the agents seized $200,000, 400 grams of heroin, and a digital kitchen scale from the car. Id. Meanwhile, agents observed Defendant walking away from the Residence while on the phone, and, having learning of the stop, intercepted Defendant. Id. These facts construed together suggest that Defendant could have been conspiring to possess a controlled substance with intent to distribute. Therefore, these circumstances could lead "a reasonably cautious person to believe that a crime had been or was being committed". Thus, the Court concludes probable cause for the arrest existed.

Furthermore, the R&R was also correct in finding that Defendant voluntarily consented to the search of the Residence. Doc. No. [79], p. 18. The Eleventh Circuit laid out the framework for the inquiry in United States v. Ramirez-Chilel with the following:

> According to United States v. Robinson, 625 F.2d 1211, 1218 (5th Cir. 1980), "[t]he question of voluntariness is one of fact to be determined from the

5

> totality of the circumstances, and the trial court's voluntariness determination must not be reversed on appeal unless clearly erroneous." In determining the voluntariness of a defendant's consent, we stated in <u>Gonzalez</u> that a court must look at several factors, which include whether the defendant was "free to leave," whether there was "coercive police procedure," "the extent of [the] defendant's cooperation or awareness of a [right to] refuse to consent," "whether [the defendant] could refuse to consent," the extent of the defendant's "education and intelligence," and the defendant's "belief that no incriminating evidence would be found." 71 F.3d at 830-31.

289 F.3d 744, 752 (11th Cir. 2002).

Here, the above factors weigh in favor of finding that Defendant voluntarily consented to the search. Though Defendant was not free to leave, being arrested is not the determinative factor in deciding whether a consent to search was free and voluntary. Moreover, the remaining factors suggest Defendant voluntarily consented to the search of the Residence. There was no evidence of any coercion by the police here. Although TFO LeCour at one time drew his weapon, he never pointed the gun at Defendant. Doc. No. [79], p. 5. Furthermore, at the time consent was given, Defendant had not been handcuffed and later cooperated with the search by unlocking the door for the officers. <u>Id.</u> at p. 5, 7. Additionally, SA Ivory informed Defendant before and

during the search in Spanish of his ability to refuse and revoke his consent to the search. Id. at p. 6. Defendant affirmed that he understood the rights as SA Ivory explained and responded in the negative when asked whether there were any weapons, money, or drugs in the house which would incriminate Defendant. Id. at p. 6, 16; see United States v. Morales, 893 F.3d 1360 (11th Cir. 2018) (finding consent was voluntary where there was no evidence of coercive procedures, no guns were drawn, the defendant's mother was not handcuffed, the officers made sure she understood her right to refuse by communicating in Spanish, and she confirmed she believed there was nothing to hide). The Court concludes under these circumstances Defendant voluntarily consented to the search of the Residence. Thus, Defendant's first objection is overruled.

Defendant's second objection is that the warrant and what was seized thereto should have been suppressed. Doc No. [87], p. 2. Defendant argues that in "allowing the affidavit to be based in whole or in part on observations conducted in whole or in part by attributed or unattributed others, the affidavit becomes essentially insulated from meaningful review." Id. However, the Supreme Court has stated that "observations of fellow officers of the Government engaged in a common investigation are a plainly reliable basis for

a warrant applied for by one of their number." United States v. Ventresca, 380 U.S. 102, 111 (1965). In United States v. Kirk, the Eleventh Circuit held:

> To comply with the requirement of particularity and to enable the magistrate to make an independent probable cause evaluation, however, the agent must state in the affidavit that he is relying upon other officers. . . . It is sufficient if the affidavit recites at the outset, or if it is clear from reading the affidavit as a whole, that it is based in part upon information obtained from other law enforcement officers.

781 F.2d 1498, 1505 (11th Cir. 1986) (citations omitted).

The affidavit in question clearly notes (in its own designated section) that sources of information includes information obtained from other law enforcement officers. Doc. No. [1], p. 3. Furthermore, merely from reading the affidavit as a whole, TFO Spitzer indicates his reliance on other officers in the investigation for the information recited. Id. For example, TFO Spitzer often precedes facts with the phrase "agents observed". Id. Because TFO Spitzer definitively states in his affidavit his reliance on the observations of fellow officers engaged in a common investigation, the Court finds the affidavit is

sufficiently particular to support the warrant's issuance.² Therefore, Defendant's second objection is overruled.

Defendant's third objection is that "the total invalidity of the warrant and the involuntariness of the 'consent' to search would render the 'independent source' doctrine unavailable." Doc. No. [87], p. 3. Because the Court finds that the warrant was valid and that Defendant voluntarily consented to the search, the Court need not address whether the "independent source" doctrine applies. Thus, Defendant's third objection is overruled.

Finally, Defendant renews his challenge to the GPS ping warrant as his fourth objection. Id. After review of Defendant's arguments and Carpenter v. United States, 138 S. Ct. 2206 (2018), the Court agrees with the R&R in failing to see how the warrant violates Carpenter and noting the Defendant's lack of specificity in his argument. Doc. No. [79], p. 30. "'A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is

---

² Defendant cites United States v. Piquet without explanation in support of this objection, however, the Court notes this case does not support Defendant's proposition. 372 F. App'x 42 (11th Cir. 2010). The Eleventh Circuit in that case found the affidavit to be sufficient based on the same principles expounded in Kirk and relevant here. Id.

presented . . . ." United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985)). Because of the insufficient detail included in his argument, the Court rejects Defendant's challenge to the GPS ping warrant. Accordingly, Defendant's fourth and final objection is overruled.

For the reasons discussed above, Defendant's objections to the R&R (Doc. No. [87]) are **OVERRULED.** The R&R (Doc. No. [79]) is **ADOPTED** as the Order of the Court, and Defendant's Motion to Suppress (Doc. Nos. [44; 51]) is **DENIED.**

**IT IS SO ORDERED** this 25th day of July, 2019.

s/Steve C. Jones

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**